It was argued for the defendant that by 1762, ch. 9, sec. 5, the drawer ought to have had notice of the refusal to pay in a reasonable time — the words of that section being, "That no person or persons whatsoever shall prosecute any suit against any person or persons who shall give such order, for the money therein mentioned, before the same shall have been first protested for nonacceptance, and notice given thereof to the drawer before such suit shall be brought; and if any suit shall be brought on any such order, before notice and refusal to pay as aforesaid, the plaintiff or plaintiffs shall be nonsuit, and pay costs," and for want of such notice he is discharged. Also a receipt of part from the drawee is a giving of credit to him, and discharges the drawer.
Where the drawee has no effects of the drawer in his hands, there is no necessity for notice of nonacceptance to the drawer; for he must know without notice that he had no effects in the other's hands, and the design of notice is, that the drawer may be warned in time to get his effects out of the drawee's hands. Of course, where there are no effects in the hands of the drawee, such notice is useless and vain. As to the receipt of part of the drawee, that is for the (272) benefit of the drawer, as it discharges so much of his debt due to the payee. This was formerly held otherwise, and even now where the drawer may sustain a loss for want of notice of nonpayment of the balance, he must have that notice. Notice, however, of nonpayment of the balance cannot be necessary where notice of the whole would not be so. The fourth clause of the act of 1762, ch. 9, makes notice necessary only in cases of an order drawn directing money in the hands and possession of a second to be paid to a third person. The notice directed by this act is confined to such orders only. This is not such an order, if there was not any money in the hands or possession of the drawee, so far as regards the balance.
REPORTER. See Pons v. Kelly, 3 N.C. 45. But see Austin v. Rodman,8 N.C. 194, in which it was held that the drawer of a bill of exchange was entitled to notice of its dishonor, though the drawee be not indebted to him either when the bill was drawn or fell due, provided the drawer had reasonable ground to believe that it would be honored; and a written authority from the drawee to the drawer to draw is sufficient ground. *Page 212